IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTOINE TYRONE DAMON WASHINGTON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: 3:20-cv-3511 |
| UNITED PARCEL SERVICE, INC. | § § | |
| *Defendant.* | § § | |

___

**DEFENDANT'S NOTICE OF REMOVAL**
___

Defendant United Parcel Service, Inc. (Ohio) ("UPS"), files this Notice of Removal from state court in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and, in support thereof, respectfully shows the following:

**I.   NOTICE OF REMOVAL**

1.  UPS removes this lawsuit brought by a former employee, Plaintiff Antoine Tyrone Damon Washington, based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. On October 26, 2020, Washington filed a lawsuit styled *Antoine Tyrone Damon Washington v. United Parcel Service, Inc.*, in the 44th Judicial District Court, Dallas County, Texas. *See* Ex. B (Orig. Pet.). Washington served his lawsuit on UPS on October 30, 2020. *See* Ex. D (Citation). UPS timely denied all of Washington's claims on November 19, 2020, and Washington filed a First Amended Petition the same day. Ex. E (Gen. Denial & Defenses); Ex. F (1st Am. Pet.). UPS files this Notice of Removal within thirty days of service, as required by 28 U.S.C. § 1446(b). *See* Ex. D (Citation).

2. Washington's First Amended Petition alleges federal statutory claims under the Fair Labor Standards Act (FLSA) and Portal-to-Portal Pay Act (PPPA). *See* Ex. F (1st Am. Pet) ¶ 3. He also seeks a declaratory judgment pursuant to the Texas Declaratory Judgments Act and advances an equitable claim under the doctrine of Money Had and Received. *See id.* Because Washington explicitly asserts federal claims, UPS is entitled to remove his lawsuit to federal court based upon federal question jurisdiction. *See* 28 U.S.C. § 1331 and 1441(a).

3. UPS is also entitled to remove Washington's intertwined state law discrimination claims under the doctrine of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *Davis v. Dep't of Health & Hosps.*, 195 F. App'x 203, 205 (5th Cir. 2006) (judicial economy furthered by district court exercising supplemental jurisdiction over intertwined federal and state law discrimination claims). As confirmed by his First Amended Petition, Washington's federal and state law claims arise from the same nucleus of operative facts. *See* Ex. F (1st Am. Pet.) at ¶¶ 25-40 ("incorporat[ing]" all prior factual allegations as to each of his causes of action and explaining that each of his claims seeks recompense for work he allegedly performed for UPS, or a declaration that he is entitled to such recompense). Accordingly, this Court should exercise supplemental jurisdiction over Washington's state law claims, as well.

4. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. §§ 1391 & 1446(a). The Northern District of Texas, Dallas Division, is where the removed action is pending, and it is where a substantial part of the events giving rise to Washington's employment discrimination claims allegedly occurred. *See* Ex. F (1st Am. Pet.) ¶¶ 4-5 (noting that Washington resides and was employed in Dallas County).

5. Pursuant to 28 U.S.C. § 1446(a), UPS attaches to this Notice of Removal true and correct copies of the state court's docket sheet (Ex. A); Washington's Original Petition (Ex. B);

the state court's initial conference order (Ex. C.); the Citation served (Ex. D), UPS's General Denial and Defenses (Ex. E); Washington's First Amended Petition (Ex. F); Washington's Notice of Consent to Join his FLSA and PPPA claims (Ex. G), and UPS's Notice of Removal filed in state court (Ex. H). These attached exhibits constitute all process, pleadings, and orders served and filed to date.

6. Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, UPS will serve written notice of its filing on Plaintiff and will file a Notice of Removal with the clerk of the 44th Judicial District Court, Dallas County, Texas.

## II. CONCLUSION & PRAYER

For the foregoing reasons, Defendant United Parcel Service, Inc. (Ohio) asks the United States Court for the Northern District of Texas, Dallas Division, to assume jurisdiction over this action, as a whole, based upon on federal question jurisdiction and supplemental jurisdiction.

Respectfully submitted,

*/s/ Dylan A. Farmer*
Shannon B. Schmoyer
State Bar No. 17780250
sschmoyer@sr-llp.com
Christine E. Reinhard
State Bar No. 24013389
creinhard@sr-llp.com
Dylan A. Farmer
State Bar No. 24093417
dfarmer@sr-llp.com
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
PH: (210) 447-8033
FX: (210) 447-8036

**ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served *via e-mail* and the Court's e-filing system to:

Allen R. Vaught
NILGES DRAHER VAUGHT PLLC
1910 Pacific Avenue, Suite 9150
Dallas, Texas 75201
(214) 251-4157 – Telephone
(214) 261-5159 – Fax
avaught@txlaborlaw.com

**COUNSEL FOR PLAINTIFF**

on November 30, 2020.

*/s/ Dylan A. Farmer*
Dylan A. Farmer

4